In re BROWN et al.

(Circuit Court of Appeals, Second Circuit. October 12, 1909.)

No. 112.

BANKRUPTCY (§ 444*)—REVISION OF PROCEEDINGS—TIME FOR FILING PETITION—RULE OF COURT.

Under rule 38 of the Circuit Court of Appeals for the Second Circuit (150 Fed. liv, 79 C. C. A. liv), which provides that petitions to review orders in bankruptcy under the provision of Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), "must be filed and served within 10 days after the entry of the order sought to be reviewed, and a transcript of the record * * * filed and the cause docketed within 30 days thereafter, but the judge of the bankruptcy court may for good cause shown enlarge the time. * * * the order of enlargement to be made and filed with the clerk of this court before the times hereby limited for filing the petition and record, respectively," stipulations by the parties cannot take the place of the discretionary order of enlargement by the bankruptcy court, made and filed within the time required by the rule, nor, except under unusual circumstances, will a nunc pro tunc order of said court, made after the time limited has expired, be effective.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 444.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of A. O. Brown and others, bankrupts. On motion to dismiss petition for review, filed by Charles E. Littlefield, trustee. Motion granted.

J. S. Buhler, for the motion.
Ralph Wolf, opposed.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. On June 7, 1909, an order was made and entered in the District Court, Southern District of New York, directing the trustee in bankruptcy to pay a certain sum of money to the petitioners. A petition to review such order was filed by the trustee on June 30th, and motion is now made to dismiss said petition, on the ground that it was not filed in time.

Orders and decrees in bankruptcy are reviewable in this court by appeal or by petition to revise. The bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) enumerates what orders or decrees may be appealed from, and expressly provides that such appeal must be taken within 10 days. Section 25. It is well-settled that this statutory limitation cannot be enlarged either by the bankruptcy or by the appellate court. In the case of a petition to re-

vise the act provides that the power of revision "shall be exercised on due notice." Section 24b. In order that this "due notice" should not be a matter of entire uncertainty, and to conform the practice in review by petition to review by appeal, rule 38 of the Circuit Court of Appeals (150 Fed. liv, 79 C. C. A. liv) was adopted. It reads:

"38. Petitions to review orders in bankruptcy filed under the provisions of section 24b of the bankruptcy act must be filed and served within 10 days after the entry of the order sought to be reviewed, and a transcript of the record of the proceedings in the bankruptcy court of the matter to be reviewed must be filed and the cause docketed within 30 days thereafter; but the judge of the bankruptcy court may for good cause shown enlarge the time for filing the petition or record, the order of enlargement to be made and filed with the clerk of this court before the expiration of the times hereby limited for filing the petition and record, respectively."

In the case now before us the 10-day limitation prescribed in the rule expired on June 17th. On June 16th a written consent to extend the time for 7 days was signed by attorneys for petitioner. Subsequent similar written consents to an extension of such time until June 28th were signed, and on June 29th an oral consent was given to extend the time to June 30th, on which day the petition to review was filed. It is contended that the oral consent was given under some misapprehension; but that is immaterial. It may be treated as if it were a written stipulation signed with full knowledge of all existing facts.

None of these consents operated to enlarge the time, because no order was entered on them. It was the manifest object of the rule (38) to keep this important matter of enlargement of time to seek a review by the appellate court within the control of the court, and to prevent indefinite extension by mere agreement of counsel. The rule expressly provides that the enlargement of time for filing the petition shall be by "the judge of the bankruptcy court for good cause shown." The petition being filed 12 days after the time prescribed by the rule was manifestly too late to be effective.

On July 17th an order was entered in the bankruptcy court providing that "the time for filing and serving the petition for review herein on the part of the trustee be extended to June 30, 1909, and that this order be entered nunc pro tunc as of June 17, 1909." We are of the opinion that this order did not operate to enlarge the time, because the rule expressly provides that an order enlarging the time to file the petition must be made and filed with the clerk of the Circuit Court of Appeals before the expiration of time limited by the rule for such filing.

It should be understood that this decision is based solely on the facts of the case now at bar. What construction might or might not be given to the rule, when the sudden illness of a judge or other untoward occurrence prevented a party, who has been himself careful and diligent to conform to the rule, from securing an order in time, we do not now determine. Here, in the face of a rule which provides that there shall be no enlargement of time unless a judge of the bankruptcy court has good cause shown to him for allowing such enlargement, the dissatisfied party has been content to rely upon agreements of counsel to secure such enlargement.

The motion to dismiss is granted.