GUARANTY TRUST CO. OF NEW YORK v. METROPOLITAN ST. RY. CO. et al.

(Circuit Court of Appeals, Second Circuit. February 28, 1910.)

No. 174.

STREET RAILROADS (§ 55*)—FORECLOSURE OF MORTGAGES—DECREE AND ORDER OF SALE.

A decree of foreclosure and sale, entered on a mortgage given by a street railroad company covering a number of lines and their equipment, considered, modified, and affirmed.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 134: Dec. Dig. § 55.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Guaranty Trust Company of New York against the Metropolitan Street Railway Company, the Morton Trust Company, Adrian H. Joline, and Douglas Robinson, receivers, and others. From a decree of foreclosure (166 Fed. 569, and 168 Fed. 937), complainant and the Morton Trust Company appeal. Modified and affirmed.

Brainard Tolles, Julien T. Davies, and John C. Spooner, for Guaranty Trust Co.

Bronson Winthrop, for Morton Trust Co.

J. Parker Kirlin, for Metropolitan St. Ry. Co.

Arthur H. Masten, William M. Coleman, and William M. Chadbourne, for receivers of Metropolitan St. Ry. Co.

Dexter, Osborn & Fleming (Matthew Fleming, of counsel), for receivers of New York City Ry. Co.

James Byrne, Morgan J. O'Brien, and Charles E. Rushmore, for contract creditors.

Benjamin S. Catchings, for tort creditors.

Before WARD, Circuit Judge, and HOLT and HOUGH, District Judges.

WARD, Circuit Judge. This is an appeal from a decree of foreclosure under a mortgage dated February 1, 1897, from the Metropolitan Street Railway Company to the Guaranty Trust Company of New York. Many assignments of error have been filed by various parties in interest. The Morton Trust Company, trustee under a later mortgage dated March 21, 1902, upon the same property, together with other property not covered by the Guaranty Company's mortgage, objects that the decree directs the sale of certain items of property which it is claimed are not covered by the mortgage, viz., certain trackage agreements with other street railway companies and certain property, consisting principally of cars, electric cables and equipment, and stores acquired after the date of the mortgage, for use, as it is claimed, either wholly or partially on lines not covered by the complainant's mortgage, and fixtures on real estate covered by the mortgage to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morton Trust Company, but not covered by the complainant's mortgage. We concur in the opinion of the court below (166 Fed. 569) that all this property is covered by the mortgage to the complainant except certain special work on hand, being crossings, yokes, crossovers, turnouts, switches, etc., acquired solely for use on the Second avenue and Third avenue lines which the special master should not include in the property to be sold.

The other assignments of error concern questions of priority and distribution which cannot be determined, and we think were not intended to be determined, upon this record. In order to remove all doubt and to encourage the competition of persons not already interested in the premises, the decree will be modified by omitting article IX and altering certain other articles as follows:

"II. That under an order made and filed herein on June 2, 1908, receivers' certificates to the amount of three million five hundred thousand dollars ($3,500,000) of principal, dated the 15th day of June, 1908, and payable one year from date, bearing interest at the rate of 5 per cent. per annum, payable semiannually, have been duly issued and are now outstanding and unpaid, and that said receivers' certificates are secured by a lien upon all the property of the Metropolitan Street Railway Company prior to the lien of the said mortgage to the complainant and by a lien upon the property of the New York City Railway Company. Certain of the defendants claim that resort should be had to the property of the Metropolitan Street Railway Company, subject to the mortgage to the complainant and to the mortgage to the Morton Trust Company hereinafter referred to, before resort is had to any other property for the payment of such certificates. And it is hereby ordered, adjudged, and decreed that the principal and interest of said receivers' certificates be in the first instance paid out of the proceeds of sale hereby directed to be made, but with the rights and privileges of claiming exoneration, contribution, or repayment or other equitable relief more specifically conferred upon the Guaranty Trust Company as mortgagee by the seventh article hereof."

"V. That an inventory shall be prepared by the special master and by him filed with the clerk of this court when and as directed by this court. This inventory will enumerate the rolling stock of the road in the possession of the receivers, stating the type and character of each item and giving its number. This inventory will also state the number and location of the various dynamos, transformers, and converters, and the number of horses. The inventory shall include such other articles of personal property in the possession of the receivers as in their opinion are of a value in excess of one hundred dollars each, and such additional articles as the special master shall think it wise to include. Such inventory and valuation shall be advisory only, and shall not, with respect to value or title or any other matter, be construed as a warranty, but all purchases shall be deemed to be made in reliance upon the purchaser's own knowledge or information as to the property purchased. The property, both real and personal, hereby directed to be sold, may be inspected by intending bidders at the sale hereunder, subject to such reasonable regulations as the receivers may prescribe.

"VI. That any purchaser of the property of the Metropolitan Street Railway Company at the sale hereby decreed may satisfy and make good the balance of his bid, above the sum required to be paid in cash, in whole or in part, by delivering to the special master appointed to conduct such sale bonds duly certified under the mortgage mentioned in paragraph I of this decree, or coupons thereto appertaining, or receivers' certificates mentioned in paragraph II of this decree, which securities, unless in negotiable form and payable to bearer, shall be duly endorsed or assigned in blank. Such bonds, coupons, or receivers' certificates, whether delivered to the said special master at the time of sale or subsequently, shall be received at such price or value as shall be equivalent to the sum which would be payable out of the net proceeds of

such sale, if made for money, to the holder or holders of said bonds, coupons, or receivers' certificates, for his or their just share or proportion in that character of such net proceeds, upon a due accounting and apportionment and distribution of such net proceeds. If there shall be realized on the sale and applied on the purchase price the entire amount due upon said bonds, coupons, or receivers' certificates, then and in that case the said bonds, coupons, and receivers' certificates, or such of them as are so paid in full, shall be canceled and retained by the special master; provided, that when all said bonds and coupons issued under and secured by said mortgage and remaining unpaid shall be canceled and held by the special master, he may deliver them to the trustee of the mortgage securing the same, upon receiving a satisfaction thereof. But, if said entire amounts are not realized on the sale and applied upon the purchase price, the special master shall stamp or write upon each bond, coupon, or certificate the amount which is so applied, and also the amount of the deficiency remaining after such application, and shall return such bonds, coupons, and certificates to the purchaser or purchasers, from whom the same were received.

"VII. That the fund arising from the sale of the properties above directed to be sold be applied as follows, namely: (1) To the payment of the costs of this cause and of all proper expenses attendant upon said sale or sales, including the compensation of the special master appointed to make the sale, and to the payment also of all charges, compensations, allowances, and disbursements of the complainant and its solicitors and·counsel to the extent that said expenses, charges, compensations, allowances, and disbursements shall be allowed by this court. (2) To the payment of the principal and interest of the receivers' certificates hereinbefore specifically described in the second article hereof; but, such payment having been made in the first instance out of the fund produced by the sale herein directed, it is further ordered, adjudged, and decreed that this court reserves power and jurisdiction to entertain any application on the part of the mortgagee herein, the Guaranty Trust Company, its successor or successors, assign or assigns, to enforce against any party to this cause or against any property of the Metropolitan Street Railway Company or the New York City Railway Company, now in the possession of this court or hereafter to come into such possession, contribution towards such payment or exoneration from all or any portion of such payment, or otherwise to obtain from any such party or any such property any sums of money which ought lawfully and equitably to be applied to the partial or entire discharge and payment of said receivers' certificates and the interest accrued thereon. It is further ordered, adjudged, and decreed (3) that the balance of the fund arising from the sale of the properties hereinabove described and by this decree directed to be sold shall be distributed, together with the proceeds of the sale of all the remaining property of the Metropolitan Street Railway Company and the property of the New York City Railway Company now in the possession of the court or hereafter to come into such possession, among all creditors, claimants, and persons interested therein, including the officers of this court, their counsel, and the counsel of all parties interested in the said fund, proceeds, and property for distribution, or any part thereof, in accordance with their respective rights and priorities to be hereafter determined by the court.

"VIII. That the property hereby directed to be sold shall be sold subject to all taxes and assessments and to liens prior to the aforesaid mortgage to the complainant, existing in favor of any person or persons, corporation or corporations, not a party to this cause, except such liens as are herein specifically directed to be paid out of the proceeds of sale, or which are reserved for future adjudication under subdivision 3 of article VII hereof.

"IX (formerly X). That is shall be a condition of sale of the lines of railway, leasehold estates, and parcels of land separately enumerated and directed to be sold by article IV of this decree that the purchaser shall, as a part of the consideration for such sale, and in addition to the price bid, assume all pending uncompleted and not fully executed contracts in respect to the property of the Metropolitan Street Railway Company, whether leasehold or otherwise, theretofore made by the receivers of the New York City Railway Company or the receivers of the Metropolitan Street Railway Company for

the operation, maintenance, and betterment of the railway system operated by said receivers as a going concern, and shall also assume liability for all claims in tort, whether in suit or presented or not, arising during the period of operation of said railway system by receivers appointed by this court, which shall not have been paid and discharged by said receivers at the time of said sale. In the event that said purchaser or purchasers shall refuse, after demands made, to perform any such contract or discharge any such indebtedness, obligation, or liability the person or persons holding the claim therefor may, upon 15 days' notice to said purchaser or purchasers, their successor or successors, assign or assigns, file his or their petition in this court to have claim enforced against the property aforesaid in accordance with the usual practice of this court; and such purchaser or purchasers, and his or their successor or successors, assign or assigns, shall have the right to appear and make defense to any claim, debt, or demand so sought to be enforced, and either party shall have the right to appeal from any judgment, decree, or order made thereon. Jurisdiction of this cause is retained by this court for the purpose of enforcing the foregoing provisions of this decree; and the court reserves the right to retake and resell said property in case the purchaser or purchasers, his or their successors or assigns, shall fail to comply with any order of the court in respect to the performance of such contract or the payment of such indebtedness, obligation, or liability within thirty days after service of a certified copy of such order. No purchaser shall be held personally liable under this article of the decree for any unpaid indebtedness of the receivers, or for any work done or materials furnished under any unfinished contract, except such as shall have been done or furnished after the delivery of possession of the property sold to such purchaser and with his consent. Subject to that exception, the method herein provided for enforcing the liability of the purchaser for the unpaid indebtedness and other obligations of the receivers or for their unfinished contracts, shall be exclusive of all other remedies. Said receivers shall prior to the sale hereunder, and as soon as practicable, file with the clerk of this court and with the special master a statement in such detail as they shall find practicable, showing the principal items of indebtedness, obligations, and liabilities contracted or incurred by them remaining unpaid, and a list of the chief contracts to be assumed by the purchaser hereunder, and shall within two weeks prior to the time of sale file with the clerk of this court and the special master a further statement showing as definitely as they shall find practicable any additional indebtedness, obligations, or liabilities contracted and incurred and outstanding, and also the amount of the indebtedness, obligations, and liabilities included in such first statement which may have been discharged; but such statement shall be advisory only, and shall in no wise constitute a warranty, nor shall such statement constitute ground for a release from any bid because of any representation therein or omission therefrom.

"X (formerly XI). That all the property directed by this decree to be sold shall be sold by William L. Turner, Esq., who is hereby appointed special master for that purpose, at such date as may be fixed by the court and at an hour to be fixed by him, at the north main entrance of the county courthouse of the county of New York, in the city of New York, with power to adjourn said sale at any stage of the proceedings to any room in said courthouse which he may be permitted to use by the authorities having the custody thereof, and with power to adjourn said sale from time to time to a future day by oral announcement at the time appointed for the sale, upon consent of the solicitors for the complainant, or with the approval of the court, without prejudice to the notice of sale, and without the necessity of publishing any further notice; but the special master may, notwithstanding, give such notice of any such adjournment by publication or otherwise as he shall think fit. The special master shall give notice of such sale by publication once a week for not less than four consecutive weeks in one newspaper of general circulation printed and published in the city and county of New York, which notice shall contain a brief general description of the property to be sold, a statement of the time and place of the sale, and a reference to this decree for a more particular description of such property, and a state-

ment of the terms and conditions of sale. The special master shall give such further notice of such sale by publication or otherwise as he shall think fit. Any party to this cause, or any holder of any of the bonds, coupons, or receivers' certificates herein mentioned, may purchase at such sale and may hold the property purchased in his, its, or their own right, free from any trust or right of redemption.

"XI (formerly XII). That the special master shall invite bids upon all the property directed to be sold by this decree in one parcel as an entirety, including the interest therein of all parties to the cause, except such interest and right of resale as is expressly reserved by article IX of this decree, and shall provisionally accept the bid of the highest qualified bidder on said entire property, provided that said bid shall not be less than ten million dollars in cash. The special master shall report the bid so provisionally accepted to the court.

"XII (formerly XIII). That unless the court shall otherwise direct, for just cause shown, upon the petition of any person desiring to bid at such sale, no bids shall be received from any bidder for the entire property hereby directed to be sold, who shall not first deposit with the special master the sum of $100,000, either in cash, or in a check certified by a national or state bank or trust company situate in the city of New York. The cash or check deposited by any bidder in order to qualify him to bid at the sale shall be held as a pledge that such bidder will make good his bid if accepted by the court. The cash or checks so deposited, except those deposited by any bidder whose bid shall be provisionally accepted, shall be returned by the special master at the conclusion of the sale to the bidder or bidders from whom they were received. The cash or checks so deposited by any bidder or bidders whose bid shall be provisionally accepted as provided in this decree shall be returned by the special master to the bidder or bidders from whom they were received, if such provisional acceptance shall thereafter not be confirmed by the court. The cash or check deposited by any bidder in order to qualify him to bid at the sale shall be forfeited and applied to the expenses of said sale and of the receivership of the property of Metropolitan Street Railway Company in the event that the said bidder shall not make good his bid. In the event that any successful bidder shall fail to make good his bid as the court shall direct upon confirmation to him of such sale, the court may order a resale of the property covered by such bid, and the said bidder shall be liable for all the expenses thereof and for any deficiency of price realized thereon.

"XIII (formerly XIV). That in addition to the cash deposited upon any bid at the time of said sale as hereinbefore required, which shall be received as a part of the purchase price, there shall also be paid in cash by the purchaser upon the confirmation of such sale and from time to time thereafter such further portions of the purchase price of said property, as the court may direct. All sums of money received upon any such sale shall be deposited by the special master in the Guaranty Trust Company of New York. The court reserves the right to reject any bid and to retake and resell the property purchased upon the failure of any purchaser to comply with the terms of sale or with any order of the court requiring payment within thirty days after service upon such purchaser of a certified copy of such order.

"XIV (formerly XV). That the enumeration in this decree or in the inventory hereby directed to be prepared of any lease or traffic or trackage or operating agreement, or other executory contract, to which the Metropolitan Street Railway Company, or any of its constituent companies, is a party, or by which it may in any manner be bound, shall not be deemed to constitute an adoption of such lease, agreement, or contract by the court or by the receivers, and the court reserves the right, notwithstanding this decree, or any sale hereunder, from time to time to direct the receivers whether or not to adopt any such lease, agreement, or contract. At any time after confirmation of the sale, and before delivery of possession to the purchaser of the property affected by any such lease, agreement, or contract, the court will direct the receivers to take such action in respect to the adoption or nonadoption of any such lease, agreement, or contract as may be requested by the accepted bidder for the same or the property affected thereby, upon receiving

177 F.—59

such indemnity as the court shall deem necessary for the protection of the receivers. Any purchaser or purchasers of the entire property directed to be sold by this decree shall be allowed one year from the date of confirmation within which to elect to adopt and continue in force or to refuse to adopt any lease, traffic, or trackage or operating agreement, or other executory contract, which may be included in the property sold or may constitute an incident or appurtenance thereof. Such election shall be made by an instrument in writing subscribed by such purchaser or purchasers, and filed in the office of the clerk of this court, and no conduct or user of rights by any purchaser or purchasers, within such period of, one year, unaccompanied by the filing of such written instrument, shall be deemed to conclude the purchaser or purchasers in respect of such election. In the event of the failure by such purchaser or purchasers to file a statement of election to refuse to adopt any such contract within the period of one year above allowed, he or they shall be deemed to have elected to adopt such contract, and to accept the same as part of the property purchased. In the event that such purchaser or purchasers shall elect not to adopt any such lease, traffic, or trackage or operating agreement or other executory contract, he shall reassign and retransfer all his right, title, and interest in the same to Metropolitan Street Railway Company or its receivers or assigns, without deduction, however, from the sum paid or payable by him on account of his purchase thereof. Pending such election by such purchaser or purchasers, Metropolitan Street Railway Company or its receivers or assigns shall have the right to make any payments which may be necessary to be made in order to preserve the rights acquired under such lease, traffic, or trackage or operating agreement or other executory contract, and any such payment so made by Metropolitan Street Railway Company, its receivers or assigns, shall be repaid to Metropolitan Street Railway Company, its receivers or assigns, by the said purchaser or purchasers, and such repayment shall be enforceable against said purchaser in the manner specified in paragraph X hereof. The court reserves power to direct the payment by the purchaser or by the receivers of such amounts as shall be found to be equitable upon an accounting or otherwise in respect to any lease, traffic, or trackage or operating agreement which the purchaser hereunder shall elect not to adopt, or which he shall require the receivers to elect not to adopt, and jurisdiction over the property hereby directed to be sold is reserved to enforce such payment."

Article XVI becomes article XV. Article XVII becomes article XVI. Article XVIII becomes article XVII. Article XIX becomes article XVIII.

With a view to prevent any avoidable misunderstandings the parties are invited to prepare and serve on each other within one week from the date of the handing down of this opinion, and to submit to the court within five days thereafter, any suggestions they think proper to make as to the wording of the mandate. The October term of this court will be extended until after the complete execution of the provisions of the decree appealed from and of any modification thereof.

The decree, as modified, is affirmed; no costs of this court to any party; the printing of the record to be paid out of the fund.