GUARANTY TRUST CO. OF NEW YORK v. METROPOLITAN ST. RY. CO. et al.

(Circuit Court, S. D. New York. March 22, 1910.)

In Equity. Suit by the Guaranty Trust Company of New York against the Metropolitan Street Railway Company and others. On mandate from Circuit Court of Appeals.

Davies, Stone & Auerbach, for complainant.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge. The mandate from Circuit Court of Appeals, modifying and affirming decree of foreclosure (177 Fed. 925), has been filed in this court. The attention of receivers and of the special master is called to its provisions, so that the necessary inventories, statements of liabilities, and advertisments required thereby may be filed or published in due time before the day of sale, which by a recent decretal order was adjourned to May 12, 1910.

---

# MEMORANDUM DECISIONS.

---

In re ABRAHAMS. (Circuit Court of Appeals, Second Circuit. March 7, 1910.) Petition to Review Order of the District Court of the United States for the Eastern District of New York. Motion to dismiss for failure to file record on review within the time prescribed by the rules. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Motion to dismiss petition to revise granted. See our opinion in Re Brown (October 12, 1909), 174 Fed. 339.

---

AMERICAN LAUNDRY MACH. MFG. CO. v. TROY LAUNDRY MACH. CO., Limited. (Circuit Court of Appeals, Second Circuit. April 4, 1910.) No. 182. Appeal from the Circuit Court of the United States for the Northern District of New York. Bill by the American Laundry Machinery Manufacturing Company against the Troy Laundry Machinery Company, Limited. Decree for defendant (171 Fed. 870), and complainant appeals. Affirmed. Church & Rich (Frederick F. Church, of counsel), for appellant. Livingston Gifford and Edgar B. Stocking, for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We incline to the opinion that, though the machine of the patent is an improvement over those of the prior art, the changes which produced this result were quite obvious and did not require the skill of the inventor. What Wendell accomplished had substantially been done before, and when the new demand came for larger machines the prior art showed the skilled mechanic how to construct them. The entire subject has been carefully considered by the judge of the Circuit Court, and nothing need be added to his opinion (171 Fed. 870). The decree is affirmed.