PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO.

(Circuit Court, S. D. New York. April 25, 1910.)

No. 2—9.

STREET RAILROADS (§ 55*)—INSOLVENCY PROCEEDINGS—DISTRIBUTION OF FUND.
  Where the decree of sale in consolidated suits against the lessees of an extensive street railway system creates a consolidated fund, to be distributed among all parties interested in accordance with their respective rights and priorities as thereafter determined by the court, all claims against any part of the fund will be left for consideration together in a single proceeding.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 55.*]

In Equity. Suit by the Pennsylvania Steel Company and the Degnon Contracting Company against the New York City Railway Company. On motion for order of reference. Motion denied.

Byrne & Cutcheon, for complainants.
James Q. Quackenbush, for defendant.
Dexter, Osborn & Fleming, for receivers of New York City Ry. Co.

LACOMBE, Circuit Judge. Application has been made for an order referring the cross-bill of Charles Benner and others, committee of tort creditors, to the special master to take proof under the issues thereby presented. The Circuit Court of Appeals, in its recent decision in the foreclosure suit of Guaranty Trust Company v. Metropolitan Street

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Railway Co. et al., 177 Fed. 925, has amended the decree of foreclosure by inserting the following paragraph:

"Further ordered, adjudged, and decreed (3) that the balance of the fund arising from the sale of the properties hereinabove described, and by this decree directed to be sold, shall be distributed, together with the proceeds of the sale of all the remaining property of the Metropolitan Street Railway Company, and the property of the New York City Railway Company, now in the possession of the court, or hereafter to come into such possession, including any balance of the funds in the possession of the receivers of either or both of said companies, which may be available for such distribution among all creditors, claimants, and persons interested therein, including the officers of this court, their counsel, and the counsel of all parties interested in the said fund, proceeds, and property for distribution, or any part thereof, in accordance with their respective rights and priorities to be hereafter determined by the court, upon such notice to the respective parties in interest as the court may direct."

It is thought that this was done to avoid the necessity of trying out the issues raised by the several cross-bills in all these various suits affecting the property of both roads which came into possession of the court under the receiverships, and to provide a simple and expeditious method to determine as to all claims and priorities.

The present motion is therefore denied. Petitioner can obtain full relief in the proceeding against the consolidated fund created by the terms of the amended decree.