In re WINK.

(District Court, D. Maryland. July 30, 1913.)

1. BANKRUPTCY (§ 444*)—ORDERS—REVIEW—PETITION—FILING—TIME.
    A petition to review a referee's order in bankruptcy, not filed until 30 days after the entry of the order, was too late.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–927; Dec. Dig. § 444.*]

2. BANKRUPTCY (§ 120*)—TRUSTEE—QUALIFICATIONS—BANKRUPT'S ATTORNEY.
    The 'fact that an attorney has represented the bankrupt does not in itself disqualify him to act as the bankrupt's trustee: but, before he will be allowed to become trustee, there should be some evidence that his choice has been brought about, in part at least, by the activities of others than himself and the bankrupt.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 185; Dec. Dig. § 120.*]

3. BANKRUPTCY (§ 123*)—TRUSTEE—ELECTION.
    Where a bankrupt's former attorney and the bankrupt were active in obtaining powers of attorney from creditors, which the attorney voted for himself as trustee, and, the referee having refused to allow the same, the attorney induced certain of the creditors whom he represented to give new powers to another, who on a subsequent election desired to vote the same for such attorney as trustee, the referee properly held that the attorney was ineligible.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. § 123.*]

In the matter of bankruptcy proceedings of William A. Wink. Petition by Ivan L. Hoff to revise certain referee's orders disallowing certain powers of attorney procured by petitioner, which he sought to vote for himself at an election of a trustee for the bankrupt. Affirmed.

Ivan L. Hoff, of Westminister, Md., in pro. per.
J. Milton Reifsnider, of Westminister, Md., for certain creditors.

ROSE, District Judge. The petitioner is a member of the bar. He was, until very recently, at least, attorney for the bankrupt. The latter made to him an assignment for the benefit of creditors. He accepted the trust. Certain creditors instituted bankruptcy proceedings. The making of the assignment was alleged to be an act of bankruptcy. An adjudication followed. Mr. Hoff prepared the bankrupt's schedules, and as his attorney filed them.

On June 2, 1913, a meeting of creditors to elect a trustee was held. Mr. Hoff had powers of attorney from a large number of creditors. These he voted for himself. As a result he received the votes of a majority in number and amount of the allowed claims. There was another candidate. Objection was made to the confirmation of his election. The bankrupt was examined. It appeared that at Mr. Hoff's request he had spent a day in personally soliciting creditors to give their powers of attorney to Mr. Hoff, and to the same end had co-operated with the latter in communicating with other creditors by mail. The referee refused to approve the choice of Mr. Hoff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

[1] It is here sought to revise his order then made. The petition for revision was not filed until 30 days after the order was entered. The rules of the court require that such petition shall be filed within 15 days. The petition for revision, so far as it relates to the order of June 2d, must therefore be dismissed. The petitioner loses nothing thereby. The same question subsequently arose, and has been properly brought here for re-examination.

The referee adjourned the meeting to June 20th. At that time Hoff presented most of the powers of attorney which he had used at the first meeting, and, as at that meeting, offered to vote under them for himself. Six of the creditors from whom at the first meeting he held powers of attorney were now represented by one Hunt under new powers executed since the adjournment of the preceding meeting. These six creditors executing these powers to Hunt were all persons from whom the bankrupt had in person secured the former powers to Hoff. After the first meeting Hoff prepared new drafts for these six creditors, filling in Hunt's name as the attorney in fact, instead of his own. He gave these drafts to Hunt, and told the latter to get them executed. At Hunt's request the creditors did so. Hunt sought to vote for Hoff. Had the votes of Hoff and Hunt been received, Hoff would again have had a majority in number and amount of the allowed claims. The referee, however, was of opinion that as both Hoff and the bankrupt had been unduly active in influencing the creditors to vote for Hoff, and as the latter had been the attorney for the bankrupt down to at least the time at which the schedules were filed, the powers of attorney held by Hoff and Hunt should be disallowed. If they were disallowed, another candidate had a majority in number and amount of the claims voting. The referee accordingly held that the latter had been elected. His election was thereupon confirmed.

[2] The petition seeks to have revised so much of this order as disallowed Hoff's and Hunt's powers of attorney and refused to declare Hoff elected, and to confirm such election. The petitioner relies on authorities which hold that a bankrupt's attorney is not necessarily and under all circumstances disqualified to be elected trustee, if before the election he has completely severed his professional connection with his former client. It is easy to conceive of cases in which everybody interested wants the bankrupt's attorney to be his trustee, because it is apparent that he can be of more use to the estate than any one else can be. When that is so, there ought to be no technical bar to prevent his acting. It is not necessary now to inquire whether such election should ever be permitted, unless the attorney is the practically unanimous choice of all the creditors. Without going so far, it is enough to say that, before he should be allowed to become trustee, there should be some evidence that his choice has been brought about, in part, at least, by the activities of others than himself and the bankrupt.

On general principles and in the overwhelming majority of cases, it is inexpedient that the former attorney for the bankrupt shall become his trustee. There are many and cogent reasons for so holding. One of the most obvious of these is the always existing possibility that it may become the duty of the trustee to take legal proceedings of some

kind against the bankrupt. If it does, the difficulties and embarrassments which may result from recent confidential relations between the two may be of the most serious character. Moreover, for the harmonious, and therefore economical, administration of the bankrupt's estate, it is desirable, if possible, that the trustee shall not only deserve, but shall in fact have, the confidence of the creditors generally, and that his motives shall not be distrusted by even a minority of them. Such confidence is not likely to be given to one who was the adviser of the bankrupt in the commission of the act of bankruptcy, and afterwards, by his own exertions and that of the bankrupt, contrived to have himself elected trustee.

[3] The presumptions against the eligibility as trustee of an attorney for the bankrupt are so strong that it is doubtful whether his choice should ever be confirmed, where he has solicited and obtained the assistance of the bankrupt in securing his election. In such cases the courts need not, and ordinarily, at least, should not, go into nice inquiries as to precisely how many votes had been secured by the direct or indirect influence of the bankrupt. That the ci-devant attorney and would-be trustee's relations with the bankrupt are still so close that the former calls upon the latter to aid him in getting votes, and the latter willingly does so, should be, as a rule, sufficient evidence to justify, if not to require, his exclusion from the trusteeship.

In this case the petitioner urges that what was done was worse in form than it was in either intention or result. The referee is of much experience. He is an official of ability and sound judgment. He has been in close contact with the case, and with all the parties to it. The witnesses have testified in his presence. He has reached the conclusion that under all the circumstances the petitioner is disqualified to act as trustee. In his so holding no error is apparent.

His orders will therefore be affirmed, and the petition denied, with costs.