## In re FEDERAL SNAP FASTENER CORPORATION.

### Petition of M. J. CROSS & CO.

(Circuit Court of Appeals, Second Circuit. March 6, 1922.)

#### Nos. 219, 220.

Bankruptcy ⬥⟿444—Rule of Second circuit limiting time for filing petition to revise.

Under rule 15, subd. 3, of the Circuit Court of Appeals, Second Circuit (235 Fed. vii, 148 C. C. A. vii) requiring petitions to revise to be filed within 10 days of the order sought to be revised unless the time is previously enlarged by the judge, a petition filed after such time will not be considered.

Petition to Revise Orders of the District Court of the United States for the Southern District of New York.

In the matter of the Federal Snap Fastener Corporation, bankrupt. Petition of M. J. Cross & Co. to revise order of District Court. Petition dismissed.

Otterbourg, Steindler & Houston, of New York City (Edwin M. Otterbourg and Charles A. Houston, both of New York City, of counsel), for petitioner.

David Michelsohn, of New York City, for trustee.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

ROGERS, Circuit Judge. This is a petition to revise an order entered in the District Court on August 8, 1921, denying an application to vacate an order entered in that court by District Judge Knox on July 12, 1921, which order of August 8, 1921, also permanently restrained the petitioner from prosecuting an action in the Supreme Court of the State of New York, County of New York, against Milton Dammann, as trustee for the Federal Snap Fastener Corporation.

The petition to revise was not filed until August 30, 1921. Neither the Bankruptcy Act (Comp. St. §§ 9585–9656) nor the General Orders (89 Fed. iv–xiv, 32 C. C. A. v–xxxvii) prescribe any limitation of time within which a petition for revision must be filed. But under rule 15, subdivision 3, of this court (235 Fed. vii, 148 C. C. A. vii), petitions to revise orders in bankruptcy filed under section 24b of the

Bankruptcy Act (Comp. St. § 9608) must be filed and served within 10 days of the order sought to be revised, unless the judge of the bankruptcy court for good cause shown enlarges the time, and said order is made before the time for filing has expired, and such order of enlargement is duly filed with the clerk of the District Court and transmitted to this court with the transcript of record. It is not claimed that any such order of enlargement was granted below. As the petition to revise was not filed within the 10 days allowed, the case is not properly in this court, and under our decisions it cannot be considered. In re Strobel, 160 Fed. 916, 88 C. C. A. 98; In re Brown, 174 Fed. 339. 98 C. C. A. 211; In re Light, 174 Fed. 341, 98 C. C. A. 213.

The petition is dismissed, without costs.