## In re SIEGELBAUM & ADELSON, Inc.
### Petition of GLADSTONE.

(Circuit Court of Appeals, Second Circuit. November 5, 1923.)

### No. 28.

Bankruptcy ⟾444—Petition to revise must be filed and served within 10 days.
>    Under rule 14, subd. 3, of the Second Circuit, the Circuit Court of Appeals has no jurisdiction, where petition to revise order of District Court is not filed and served within 10 days after the entry of the order, and petition will be dismissed, even though no objection is made to time of filing.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the estate of Siegelbaum & Adelson, Inc., Bankrupt. Petition by Meyer Gladstone to revise order. Petition dismissed.

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Archibald Palmer, of New York City, for trustee petitioner.
Lurie & Feinberg, of New York City, for mortgagee respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. This is a petition to revise an order made by one of the Judges for the Southern District of New York. The order complained of was made on February 16, 1923, and was filed on the next day. The petition to revise was dated "—— March, 1923." It was not verified until March 15, 1923. It is evident, therefore, that it was not filed until on or after March 15, 1923. Under rule 14, subdivision 3, of this court, petitions to revise must be filed and served within 10 days after the entry of the order sought to be revised. The rule cited provides that the judge of the bankruptcy court may for good cause shown enlarge the time for filing and serving the petition. The record does not disclose that any order of enlargement was made and filed as required.

The objection that the petition to revise was not taken in time has not been raised by counsel. But, unless the petition to revise is filed within the time prescribed, this court has declared in a number of cases, which need not now be cited, that it has no jurisdiction and has dismissed the petition. That course must be followed in this instance.

Judge HOUGH heard the argument, but because of necessary absence has not seen the opinion as prepared.

Petition dismissed.