UNITED STATES v. McMURTRY.

District Court, S. D. New York. December 20, 1927.

1. Attorney and client ⊙⟹76(1)—Client had absolute right to discharge attorneys, with or without cause.

Client, who was defendant in action, had absolute right to discharge his attorneys, with or without cause.

2. Attorney and client ⊙⟹76(1)—To terminate relationship of attorney and client between party and attorneys of record, order of court was requisite.

In order to terminate relationship of attorney and client between defendant and his attorneys of record, an order of court was requisite.

3. Attorney and client ⊙⟹75(1)—Client, not having followed notice of discharge of attorneys by motion for substitution, his attorneys were entitled to entry of order for substitution.

Client, who was defendant in pending action, not having followed his notice of discharge of attorneys by motion for substitution, his attorneys of record were entitled to entry of order for substitution.

4. Attorney and client ⊙⟹75(2)—Under New York Rules of Civil Practice relating to court authorizing substitution of attorneys, requiring payment of fees as condition of substitution is within court's discretion (Civil Practice Rules N. Y. rule 56).

Even under Civil Practice Rules N. Y. rule 56, requiring court, in authorizing substitution of attorneys, to fix such terms as shall be just, requirement of payment of fees as condition of substitution is within judicial discretion of court.

5. Attorney and client ⊙⟹75(2)—When court's intervention is asked for substitution of attorneys, court will hold client to fair dealing, and may in its discretion require payment of fee as condition.

When court's intervention is asked for substitution of attorneys, court will hold client to fair dealing, and will refuse its assistance to any attempt to take an unfair advantage of one of its officers, and may in exercise of reasonable discretion require client to discharge attorney's claim for services in suit as condition of substitution.

6. Attorney and client ⊙⟹75(2)—Where the attorneys' lien is not affected, and ample security for payment of fees is offered, court should not direct compulsory reference to determine amount due attorneys.

Court should not, as condition to entry of an order of substitution of attorneys, direct compulsory reference to determine amount due attorneys for services in litigation, and require payment of such amount, where client was not attempting to disturb attorneys' lien, was financially responsible and was willing to give security.

At Law. Action by the United States against John E. McMurtry, doing business

under the firm name and style of John E. McMurtry & Co. On motion by defendant's attorneys for an order directing substitution of defendant in person in place of his attorneys of record. Order entered in accordance with opinion.

Motion by defendant's attorneys for an order directing the substitution of the defendant in person in place of his attorneys of record in this action, upon the defendant giving proper security for the payment of the compensation and disbursements of his attorneys in an amount to be fixed and determined by the court, and that a reference be had for that purpose.

This action was commenced in December, 1922. The defendant appeared by McLaughlin, Russell & Sprague, his attorneys, who have continued until the present time as the attorneys of record for the defendant herein. The action was tried in April, 1926. By stipulation of the parties, two questions were submitted to the jury for its special verdict, and all other questions were reserved for decision of the court on motion for a general verdict. The jury's verdict was adverse to the defendant on both questions. Thereafter, by stipulation, the direction of a general verdict was withheld pending the decision of the Supreme Court of the United States in a case said to involve some of the questions reserved for decision on the motion for a general verdict.

In December, 1926, controversy arose between the defendant and his attorneys regarding a bill rendered on account of services and disbursements, which the defendant declined to pay. Notwithstanding this dispute, these attorneys continued to act as attorneys of record in this action, and have performed additional legal services. On September 6, 1927, the defendant, through another attorney, requested his attorneys of record to consent to substitution of other attorneys, suggesting that the papers, minutes, etc., be turned over upon the giving of security for the payment of compensation. In response to this suggestion the attorneys offered to surrender all papers and to consent to a substitution without requiring any security, provided the defendant would agree to a reference or arbitration to fix the amount of their compensation. The defendant declined to consent to a reference or arbitration, and on October 19, 1927, served upon his attorneys a notice reading: "Please take notice that you are hereby discharged and dismissed as attorneys for the defendant in the above entitled cause." No demand was made for the return of the papers, upon which the at-

torneys have and assert a retaining lien, and upon the argument of the motion it was stated in behalf of the defendant that the defendant did not desire to disturb this lien.

This motion has been made by the attorneys of record, who assert that they cannot be dismissed and discharged as attorneys of record, except with the approval and by order of the court, and upon just terms, including the payment of their compensation in an amount to be fixed and determined by the court upon a reference or otherwise.

McLaughlin, Russell & Sprague, of New York City (Frederick C. McLaughlin, of New York City, of counsel), for the United States.

John E. McMurtry, in pro. per. (John J. Cunneen, of New York City, of counsel), opposed.

THACHER, District Judge (after stating the facts as above). [1-3] That the defendant has an absolute right to discharge his attorneys, with or without cause, cannot be doubted. In re Paschal, 10 Wall. (77 U. S.) 483, 496, 19 L. Ed. 992; The Flush, 277 F. 25, 27 (C. C. A. 2d); Robinson v. Rogers, 237 N. Y. 467, 470, 143 N. E. 647, 33 A. L. R. 1291; Matter of Dunn, 205 N. Y. 398, 402, 98 N. E. 914, Ann. Cas. 1913E, 536; Tenney v. Berger, 93 N. Y. 524, 529, 45 Am. Rep. 263. In order to terminate the relationship an order of court is requisite, no doubt for the excellent reason given by Lord Chancellor Erskine in Twort v. Dayrell, 13 Ves. Jun. 268, because of the great confusion which would arise from permitting a party to change his attorney at will, so that the court could never know when the cause was legitimately before it. The defendant not having followed his notice of discharge by a motion for substitution, his attorneys were quite correct in promptly moving for an order of substitution. It would have been quite intolerable to have permitted their names to have remained as attorneys of record in the cause after the receipt of such a notice. They are entitled to the entry of an order for substitution, for which they have moved, and the question for determination involves simply the terms upon which such an order is to be granted.

The attorneys insist that there should be a summary determination of the amount due them for compensation and disbursements, and that the order should be entered only upon payment thereof. The situation is unusual, in that the defendant does not seek to disturb any lien of the attorneys, either upon the cause of action (there being none asserted by the defendant) or upon any papers or other property in the possession of the attorneys, and is willing to give ample security for the payment of any amount which may be found due and owing in an independent action. The only question which arises is whether the court can, and, if it can, whether it should, as a condition to the entry of an order of substitution, direct a compulsory reference to determine the amount due to the attorneys for services in this litigation and require the payment of such amount, when it appears that the client is not attempting to disturb any lien of the attorneys, is conceded to be financially responsible for any amount which may be owing, and is willing to give security for the payment thereof.

[4] General statements will be found running through the authorities to the effect that the court will authorize a substitution only upon such terms as shall be just, and that, unless the attorney has been discharged for cause or has without excuse abandoned his client's suit, such an order will not be entered until payment for professional services rendered has been made or secured. Under rule 56 of the Rules of Civil Practice of this state, the court, in authorizing the substitution, must fix such terms as shall be just, and no doubt may, under the provisions of this rule, require payment of fees as a condition of substitution. But even under the rule the question always remains within the judicial discretion of the court, and, while general statements may be found to the effect that payment for services will be required in all cases where the attorney is not shown to have been at fault, I find no authoritative decision in which a compulsory reference has been ordered, except where necessary to determine the amount of the attorney's lien upon papers within his possession, sought to be recovered by the client, or upon the cause of action. In all cases where an attorney's lien is involved, reference is necessary to determine the amount of the lien, and the surrender of the lien, if valid, must, of course, be conditioned upon full payment.

Instances are rare in which no lien has been involved, but in Stevenson v. Stevenson, 3 Edwards Ch. 359, the Vice Chancellor said: "Where there is nothing upon which he has a lien, he must be left to the personal responsibility of the client and to his remedy by action." And in Twort v. Dayrell, supra, Lord Chancellor Erskine, speaking of the practice at law, said: "Hence arises the practice of the courts of law not to permit a party to change his attorney without a judge's order; and then the court provides that the papers shall not be taken out of his hands

without doing that justice which his lien gives him."

In re Paschal, supra, motions were made in two separate actions, the first requiring the attorney to return a sum received by him in the action, and the second to strike his name from the docket and forbid him to interfere in the case. In the first cause, his lien upon the fund was recognized as valid, and the motion was therefore denied. In the second, the right of the client to discharge its attorney, notwithstanding his employment upon a contingent basis, was recognized, and an order discharging him as solicitor and counsel was granted without any determination of the amount of his fees. In that case, as in this, the client was abundantly able to compensate the attorney for any loss sustained in not being continued in the management of the cause, and it was said that the liability of the client was a question which could be more properly determined in some other proceeding instituted for the purpose. If it be conceded that the power existed in that case to determine the amount of the compensation payable to the attorney, the failure to fix his compensation, leaving him to his remedy in an independent action, is a sure guide for the exercise of the court's discretion in this case.

In Everett, Clarke & Benedict v. Alpha Portland C. Co., 225 F. 931 (C. C. A. 2d), where it was found that the attorneys had no lien upon the papers in their possession because of the peculiar circumstances presented in that case, substitution was granted without security, and without determination of the indebtedness due for professional services. The Flush, 277 F. 25 (C. C. A. 2d), Du Bois v. Mayor (C. C. A.) 134 F. 570, and Sloo v. Law, 4 Blatchf. 268, Fed. Cas. No. 12,958, are clearly distinguishable, because in each of them the attorney's lien either upon papers or upon the cause of action was involved.

[5] Whatever view may be taken of the authorities, which are not entirely consistent, the rule, stated in its broadest aspect, is as Wallace, Circuit Judge, stated it in Wilkinson v. Tilden (C. C. A.) 14 F. 778: "When its intervention is asked for the substitution of an attorney, the court will hold the client to fair dealing, and will refuse its assistance to any attempt to take an unfair advantage of one of its officers. In this behalf courts have frequently and usually required the client to discharge the attorney's claim for services in the suit as a condition of substitution. But this is merely the exercise of a reasonable discretion, not the application of an inflexible rule."

[6] Applying this rule to the case at bar, I do not think any unfair advantage is being taken of the attorneys of record in this case. Ample security is offered for the payment of their fees and no lien of theirs is to be disturbed. Under these circumstances, justice does not require the court to deprive the client of his right, which he regards as of some value, to have the amount of his indebtedness for legal services determined in a plenary suit, rather than summarily in this action as a condition for the entry of an order of substitution.

Accordingly an order may be entered herein providing for substitution upon the defendant giving bond with approved sureties for the payment of all professional services and disbursements of his attorneys in this action hereafter judicially determined to be due. The amount of the bond should be the full amount of the attorneys' claim, which I understand is $5,000 and disbursements.