**GONZALEZ v. SWORD LINE, Inc.**

No. 145, Docket 22511.

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1953.

Decided Jan. 21, 1953.

Parnell J. T. Callahan, New York City, for appellant, James A. Dilkes, Staten Island, of counsel.

Theodore J. Breitwieser, New York City, for appellee.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellant was the defendant's attorney of record in the above entitled suit and several other cases. The defendant moved for an order substituting attorney Theodore Breitwieser and directing its former attorney to turn over papers in his possession relative to the suits. The district judge at first denied the motion but after reargument an order was entered which substituted Mr. Breitwieser as attorney of record, directed Mr. Mesick to retain the papers until the amount of fees due him, if any, should be determined, and referred to a commissioner the question as to his fees and any lien he might have on the papers. After lengthy hearings the commissioner reported that any fees due attorney Mesick for services "are not due from the defendant Sword Line, Inc. but are collectible only from the respective insurers or underwriters," and that he has no lien on the papers. Thereafter the district court entered an order confirming the commissioner's report, decreeing that no fees were due from the Sword Line, Inc. to attorney Mesick and that he had no lien on the papers, and directing him to turn the papers over to the substituted attorney. This is the order appealed from.

■■ The appeal is utterly lacking in merit. The agreement dated January 31, 1951 between Mr. Mesick and Sword Line, Inc., states definitely that he will look to the underwriters for any compensation for past or future services "and that Sword Line, Inc., its subsidiaries and affiliates will not be responsible to you therefor." On the same date he executed a formal release for which the Sword Line paid him $11,-000 in settlement of all claims for services rendered to it. An attorney's retaining lien is only a right to retain possession of his client's papers until his fee is paid. Obviously if the client owes nothing the at-

torney has no lien upon the client's papers. Everett, Clark & Benedict v. Alpha Portland Cement Co., 2 Cir., 225 F. 931; The Flush, 2 Cir., 277 F. 25, certiorari denied 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421.

The contention that the order appealed from violates the appellant's rights under the due process clause of the Constitution is nothing short of absurd. If we understand the argument it runs as follows: Only the client of an attorney can move to displace him as attorney of record; when Sword Line made its motion the appellant's client was not Sword Line but its underwriter, to whom the attorney had agreed to look for compensation for future services; hence the court lacked jurisdiction to entertain the motion and all subsequent proceedings were a nullity. But the cases above cited demonstrate that Sword Line as the named defendant was entitled to be represented by an attorney of its own choice, and that the court had summary jurisdiction to make an order granting the substitution on conditions that would protect the rights of Sword Line as well as those of the attorney with respect to the papers on which he claimed a possessory lien.[1] This was accomplished by allowing Mr. Mesick to keep possession of the papers and referring the question of his fees and lien to a commissioner. We may assume without decision that Mr. Mesick would have been entitled, had he so requested, to have the question of what fees, if any, Sword Line owed him determined in a plenary suit, but any such right was certainly waived by going forward without protest with the proceedings before the commissioner.

The final objection to the order, namely that it omitted the commissioner's statement that any fees due Mr. Mesick are collectible from the underwriters, is equally futile. Since the underwriters were not parties to the reference, such a statement was utterly ineffective and immaterial. The order is affirmed with appellate costs to the appellee.

[1] In addition to the cases above cited, see In re Badger, 2 Cir., 9 F.2d 560;

United States v. McMurtry, D.C.S.D.N.Y., 24 F.2d 145, 147.