## In re FORESTIER.

(District Court, N. D. California, First Division. February 9, 1915. On Appointment of Successor, March 30, 1915.)

### No. 8668.

1. BANKRUPTCY ⬅132—TRUSTEES—REMOVAL—GROUNDS.

A trustee in bankruptcy, who was employed in the office of the attorney for an assignee for the benefit of creditors, who had been conducting the business of the bankrupt prior to bankruptcy, and who employed such attorney to act for him, though the interests of the estate might conflict with the interests of the assignee, would be removed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 190; Dec. Dig. ⬅132.]

2. BANKRUPTCY ⬅123—TRUSTEES—ELECTION—REPRESENTATION OF CREDITORS BY DISQUALIFIED ATTORNEY.

Where a trustee in bankruptcy was removed because of his close relations with, and his retainer of, an attorney who was attorney for an assignee for the benefit of creditors, conducting the business of the bankrupt prior to bankruptcy, with whose interests the interest of the estate might well conflict, such attorney should not be permitted, on the election of a new trustee, to act for any creditor, and the vote of any creditor persisting in selecting such attorney should be disregarded; and hence, where such attorney, through another, voted a majority of the claims for a person opposed by a minority of the claims, the referee properly refused to approve his selection.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ⬅123.]

3. BANKRUPTCY ⬅126—TRUSTEES—SELECTION BY REFEREE.

Though in such case the referee properly disapproved the selection of the trustee voted for by the creditors represented by such attorney, the referee erred in selecting a trustee himself, as he has power to make such selection only when the creditors fail to act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. ⬅126.]

In Bankruptcy. In the matter of Edward H. Forestier, bankrupt. On petition for removal of the trustee, and on review of an order of the referee appointing a new trustee. Trustee removed, and order appointing new trustee reversed.

Claribel David and Wm. H. Chapman, both of San Francisco, Cal., for petitioner.

Henry A. Jacobs, of San Francisco, Cal., for trustee.

### On Petition for Removal of Trustee.

DOOLING, District Judge. [1] It appears from the petition and answer that E. H. Forestier, in February, 1913, made an assignment for the benefit of his creditors to one A. V. Davidson, but that such assignment, a copy of which accompanies the petition, did not comply, or purport to comply, with any of the requirements of the Civil Code of the state of California, and for that reason was void. It further appears that the assignee conducted the business of the bankrupt for a period of over a year from the date of such assignment with the con-

sent of the creditors, including petitioner; that in July, 1914, an adjudication was made declaring Forestier a bankrupt, and that later M. L. Mayers was appointed trustee; that Mayers is employed in the office of H. A. Jacobs; and that H. A. Jacobs is and has been attorney for both Mayers, the trustee, and Davidson, the assignee.

It is further averred in the petition that an action should be instituted by the trustee against the assignee to recover the property conveyed to him by the bankrupt, and that such assignee has sold and disposed of the property for a very trifling and inadequate consideration. These last averments are denied by the answer. Whether or no an action should be commenced by the trustee against the assignee is a matter not necessary now to be determined. But this court cannot look with favor upon a trustee who selects as his attorney the attorney of an assignee with whose interests the interests of the estate may conflict, nor upon an attorney who undertakes to act for such possibly conflicting interests. The question is not, do these interests necessarily conflict, but may they conflict? It is the duty of the trustee to recover from the assignee all the property of the estate. If he and the assignee and the common attorney for both of them are in such close relation as appears to be the case here, so close, indeed, that the referee refuses to award any fee to the attorney, because he has been acting as attorney for the assignee, rather than as attorney for the trustee, it is sufficiently clear to the court that the trustee is not in a position to clash with the assignee over the question of what the latter should turn over to the estate.

In the present case the court is not passing upon the question as to whether or not the trustee should recover more from the assignee than the latter admits to be due, but laying down a general rule, applicable to all cases, that neither the trustee nor his attorney shall place himself in such position in relation to another as to give any color to a suggestion that they are not acting in the interests of the estate alone. Whenever they do so place themselves, the only remedy is to remove the trustee.

It is therefore ordered that upon consideration of the petition and answer, and for the reasons alone that are hereinbefore suggested, the trustee be removed.

### On Appointment of Successor.

Wm. H. Chapman and Claribel David, both of San Francisco, Cal., for objecting creditor.

Ornbaun & Fraser, of San Francisco, Cal., for trustee.

On February 9th an order was made by this court removing the then trustee, M. L. Mayers, because he was in the office of H. A. Jacobs, and had retained the latter as his attorney, although he was attorney for an assignee of the bankrupt with whose interests the interest of the bankrupt's estate might well conflict. A meeting of the creditors having been thereafter called by the referee for the purpose of electing a new trustee, Mr. Jacobs was present, and through another voted a majority of the claims for Charles B. Blessing as trustee; a minority in amount being voted for W. E. Sachs. Upon objection, the referee

refused to approve the election of Mr. Blessing, but instead appointed Mr. S. Pinchower. This action of the referee in appointing a trustee is now before the court for review.

[2] The referee very properly refused to approve the selection of a trustee in the choosing of whom Mr. Jacobs either directly or indirectly participated. I endeavored to make it plain in the order removing the former trustee that the practice of representing more than one interest will not be tolerated on the part of any attorney. An attorney who persists in doing so, or in endeavoring to do so, has either very little understanding of his obligations as an attorney or very little regard for them. If a suggestion from the court will not suffice to cause the attorney to refrain from participating directly or indirectly in a matter wherein he has been held to be disqualified to act, the court is driven to exercise its powers in a more drastic manner. It is therefore ordered that in any matters now pending or hereafter to arise in this proceeding H. A. Jacobs shall not be permitted to participate, either directly or indirectly, on behalf of any of the creditors of the bankrupt's estate. If any creditor persist in attempting to have Mr. Jacobs represent him, directly or through another, in any proceeding looking to the election of a trustee, the claim of such creditor will be disregarded in such election. I have no disposition to interfere with a creditor in the selection of his attorney; but if a creditor persist in selecting an attorney whom the court has held to be disqualified, by reason of his employment by an antagonistic interest, such attorney will not be heard.

[3] As to the other phase of this case, I have no doubt that the trustee selected by the referee is a proper person; but the question here is not one of policy, but of power, and it is only where creditors fail to act that the referee may make the selection.

The order of the referee appointing Mr. Pinchower is reversed, and the referee directed to call another meeting of the creditors for the selection of a trustee.