**BEALE et al. v. SNEAD et al. (two cases).**

**In re KAPPA ALPHA ALUMNI FOUNDATION.**

. Nos. 3958, 3992.

Circuit Court of Appeals, Fourth Circuit.

Feb. 22, 1936.

Cyrus W. Beale, of Richmond, ·Va., for appellants.

Meade T. Spicer, Jr., of Richmond, Va., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal in bankruptcy from an order confirming the action of a referee in refusing to recognize an election of a trustee by creditors and in appointing another person to act as trustee. It appears that the only votes cast in the election of the trustee were by Mr. Cyrus W. Beale, representing himself and a Mr. Catterall. As Mr. Catterall's claim was for services rendered the bankrupt as attorney, it was properly excluded from voting in the election of the trustee. As to the claim of Mr. Beale, ·it appears that this was an unsecured claim for $19.-59. Mr. Beale held, in addition, a claim in a large amount secured by a mortgage on all of the property of the bankrupt, but this was not voted, as the amount of the claim above the value of the security was not determined.

The bankrupt is a corporation organized to carry on certain activities for a college fraternity; and the whole of its assets, aside from the property embraced in the mortgage to Mr. Beale, consists in subscriptions to the fraternity foundation. A number of those who have made these subscriptions are denying liability thereon and are demanding the right to prove as creditors for amounts heretofore paid on them. Certain of these subscribers filed in the court below a protest against Mr. Beale's being permitted to control the elec-

tion of the trustee in bankruptcy, stating, among other things, that he had completely controlled the bankrupt corporation prior to bankruptcy, and within four months of the filing of the petition had caused it to make payments to him on his claim, and that he had interests which would be adverse to the interests of the trustee. Some of them attempted to vote in the election of a trustee, but were denied the right to participate in this election.

We do not think that the fact that a creditor may have had a controlling influence over a bankrupt corporation, unless there is reason to believe that the trustee selected by the creditor will be unduly influenced in favor of the bankrupt or against other creditors, is, of itself, sufficient reason to refuse him the right to vote his claim in the election of the trustee in bankruptcy; nor do we think that such right should be denied merely because there is ill feeling between him and persons who are indebted to the corporation. The right of creditors to elect the trustee in bankruptcy, subject to the approval or disapproval of the referee or judge, is well settled and is not to be thus lightly disregarded. We think, however, that, under the peculiar circumstances here existing, the order appealed from should be affirmed. The fact that the mortgage claim of Mr. Beale is questioned by some of the subscribers, the fact that shortly before the filing of the petition he received a payment on it, and the fact that subscribers who may have an interest as creditors have been excluded from participating in the election of a trustee, are circumstances which render it important that the person selected as trustee be impartial as between the parties; and the referee was justified, for this reason, in excluding the claim of Mr. Beale from the right to vote for trustee just as the claims of other subscribers had been excluded.

We cannot see wherein Mr. Beale has any reason to complain of the appointment made. If the trustee appointed shall fail to proceed with due diligence in the discharge of his duties, he will, of course, be subject to removal; and Mr. Beale, as the chief beneficiary of any litigation which may be instituted to recover on the subscriptions, will be permitted to participate in such litigation. It does not appear that there is any reasonable ground to apprehend that subscribers will be enabled to avoid any part of their just liability as a result of the appointment of the trustee by the court; and the court will doubtless see to it that the estate is administered in such way that there is no danger of such a happening.

In No. 3958, the order appealed from will be affirmed. In No. 3992, the appeal will be dismissed.

No. 3958, affirmed. No. 3992, appeal dismissed.