**In re QUICK.**

**No. 3324-D.**

District Court, E. D. Illinois.

March 10, 1942.

W. A. Doss, of Monticello, Ill., pro se.

N. E. Hutson, of Monticello, Ill., for creditor.

LINDLEY, District Judge.

The question presented upon this review is whether the appointment of a trustee by the referee, after inability of the creditors to agree upon any other individual, should be approved. Certain creditors contend that he is not properly qualified to act and one creditor, W. A. Doss, insists that the appointment should be approved. The trustee himself does not appear.

The bankrupt is a life-long tenant farmer. He has for many years had business relations with W. A. Doss, formerly but not now an attorney, Mrs. Doss and Dwight H. Doss, a son of W. A. Doss. He has been a farm hand employed by W. A. Doss, and a tenant of the latter, who has at various times acted as his attorney or agent. He is a debtor of both Mr. and Mrs. Doss and has executed chattel mortgages in favor of the elder Doss. He is now a tenant upon the farm of the latter. His bankruptcy petition was filed by Dwight H. Doss as his attorney. The trustee has been an employee of W. A. Doss, having acted as auctioneer for him in foreclosure of chattel mortgages upon the bankrupt's property. The debtor has been involved in extended litigation. Some of his creditors secured judgments against him and the litigation ensuing has involved foreclosure of chattel mortgages, replevin suits, trials of rights of property and other issues.

Subsequent to the appointment of the present trustee, the bankrupt filed a petition in which he prayed that Dwight H. Doss might be appointed his attorney. At the same time, Dwight H. Doss filed a petition for leave to withdraw as attorney for the bankrupt. It is only fair to the referee to remark that such action was taken only after he had entered his order. Up to that time he justifiably believed that the trustee was not allied with any interest. The trustee's bond is signed by W. A. Doss and Dwight Doss as sureties. Certain of the objecting creditors claim that the relationship between the bankrupt and the Dosses is such as make it necessary that suits be instituted to recover assets, while W. A. Doss insists that action should be taken against certain of the objecting creditors. It is obvious, therefore, that the trustee will be called upon to investigate and determine

490

whether suits should be brought and if so, against whom and to prosecute such litigation under the direction and approval of the court of bankruptcy.

The importance of selection of a proper man as trustee can not be over emphasized for in him all administrative power of the court is centered. If a trustee be able, vigorous and independent, the administration is likely to be creditable. If one is appointed who is subject to influence or who is indolent, inefficiencies and perhaps rascalities are likely to occur. It has been said that eternal vigilance is the price of keeping bankruptcy administration free from fraud and machinations and it has well been observed that if creditors, into whose hands the policy of congressional legislation has entrusted the guardianship of insolvent estates, were more alert to the essentiality of protection of their own interests and the performance of their elementary duty of selecting an independent trustee who in turn would choose able, upright and vigorous attorneys to devote adequate time to the searching out of preferences, concealments and dishonesty in insolvencies, salutary improvement would result in administration of insolvent estates.

■ When creditors default in their duty and it becomes incumbent upon the court to exercise its discretion, it must so act as clearly to prevent imperiling fair and efficient administration of the estate. The trustee must be disinterested. He must not owe his selection to creditors whose claims are likely to be involved in litigation. He should have no affiliation with the bankrupt, for obviously it may be his duty as trustee to take legal proceedings against the latter. In such event the difficulties and embarrassments which may result from the relationship between the two may be of most serious character. The presumptions against eligibility of the attorney for the bankrupt or one closely associated with him are so strong that his choice should not be confirmed except in the most unusual of circumstances. In re Wink, D.C., 206 F. 348. However high the character of a proposed trustee may be, previous relationship with the bankrupt should render him practically ineligible to appointment as trustee. In re Hanson, D.C., 156 F. 717. Creditors are entitled to have their interests in the hands of an administrator who can act freely and whose impartiality is beyond question. Bankruptcy proceedings are not created for the benefit of trustees or attorneys. The prime necessity is to preserve the estate for the benefit of creditors and, without regard to the honesty of the trustee, the court, in an abundance of caution, in order to protect the estate and its creditors, will take care that the appointment of a trustee be in no way detrimental to the purposes of the act. The court is under the paramount duty to see that trusts in its custody are properly executed and if it finds that continuance in office might be detrimental to the execution of the trust, has power to remove any trustee without reflection upon his honesty or integrity. Bollman v. Tobin, 8 Cir., 239 F. 469. Thus it has been held that close relationship with the bankrupt or employment of an attorney who has represented the bankrupt furnishes ground for removal. In re Forestier, D.C., 222 F. 537.

■ From the circumstances of this case I can not be sure that the present trustee would have no interest to serve other than to conserve the estate, that he would be a proper agency of the court to liquidate the assets, to protect them and to bring them before the court for final distribution. I can not be sure that his administration will result in an impartial management for the benefit of each and all of the creditors, who are the cestuis que trustent. I can not be certain that he would render wholehearted, impartial service.

The intimate relationship of the Dosses with the bankrupt, the withdrawal of one of them as attorney for the bankrupt, the petitioning for his employment as the trustee's attorney, the relationship of employee and employer, existing between W. A. Doss and the trustee previously, the possibility that it may be necessary for the trustee to sue some one or more of the Dosses or to procure from them an accounting, all indicate clearly that the present trustee should not act. The order, therefore, appointing him is hereby vacated.

The cause is again referred to the referee with directions to select a trustee whose impartiality and lack of interest shall be beyond question. In this selection it is apparent that neither the objecting creditors nor either of the Dosses against all of whom litigation may be necessary, shall participate. The record discloses too much bickering, too many attempts by one or another selfish interest to prevail over another. It is high time that this court assert itself in an attempt to secure unhampered, uninfluenced administration by a trustee, who is aggressive, disinterested,

unallied with creditors or bankrupt and who will, as the arm of the court, proceed as a trustee should proceed.