**In the Matter of Joseph MONTAGNA and Pauline Ann Montagna, his wife, d/b/a Montagna Builders & Developers and d/b/a Little Italy Pizza Shop, Debtors.**

**Bankruptcy No. 82–00507.**

United States Bankruptcy Court, W.D. Pennsylvania.

April 6, 1983.

Richard T. Ruth and Robert G. Dwyer, Erie, Pa., for petitioners.

Lawrence A. D'Ambrosio and Mario P. Restifo, Erie, Pa., for defendants.

## MEMORANDUM AND ORDER ON COMPLAINT TO NULLIFY CREDITORS' ELECTION OF TRUSTEE AND TO APPOINT PERMANENT TRUSTEE

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The within case was initiated by the filing of a petition for Reorganization under Chapter 11 of the Bankruptcy Code August 26, 1982 which was converted to a Chapter 7 case by Order dated December 22, 1982. Robert G. Dwyer, Esq., a member of the panel of trustees appointed by the Administrative Office of the United States Courts was appointed interim trustee December 23, 1982. Following an incident on the business premises of the debtor January 5, 1983 at which the assistance of a Deputy United States Marshal was necessary to enable an associate of the Trustee to change the locks thereto because of repeated continuances of the debtors to transact business thereon in disregard of the instructions of the trustee to cease and desist, a Motion was filed by the debtor to reconvert the case back to Chapter 11. An Order denying the Motion was filed January 19, 1983 following which unsecured creditors with claims in excess of 20% of the total requested the right to elect a trustee at the § 341 meeting of creditors held February 11, 1983. Mario Restifo, Esq., former attorney for the debtors introduced the name of Richard Vendetti, Esq. as a nominee for trustee at the meeting, and the attorney for an unsecured creditor nominated the interim trustee, Robert G. Dwyer, Esq., for election as such permanent trustee. Two unsecured creditors having claims totaling $33,808.92 voted in favor of Mr. Dwyer, and Mr. Restifo sought to vote his claim for attorney fees of $17,066.33 in representing the debtors in litigations and other matters over a period of years and an unsecured claim of Vendetti Brothers for $18,600 for Mr. Vendetti. The instant Complaint was filed to nullify the majority vote of claims totaling $35,666.33 for Mr. Vendetti on the ground that Mr. Restifo's claim for attorney fees in representing the debtor should not be counted, and that since Restifo represents the debtors' brothers who have secured mortgages against their real estate in the proceeding in addition to having been the debtors' attorney until immediately before the Chapter 11 filing his nomination and voting of both claims for Vendetti should be annulled.

Mr. Restifo appeared at all of the meetings of creditors and hearings in adversary proceedings in the case, and stated at the hearing held January 18, 1983 on the Motion to reconvert the matter back to a Chapter 11 Reorganization that his clients wanted to have the proceedings dismissed

and did not want the debtors' assets sold in the bankruptcy proceeding as they had purchasers ready to buy the debtors' assets for enough to pay all creditors, both secured and unsecured, in full. "We do not want to continue with the trustee or an attorney because it's all going to come out of the pocket. We want to pay and we believe we can do it within thirty days" (Transcript, page 9).

It is conceded that the initial filing of the proceeding was precipitated by a sheriff's sale of portions of the debtors' real estate scheduled a few days after the filing date which was stayed by such filing and three of their improved properties have been released for foreclosure sales without objection in adversary proceedings for relief from the automatic stay (Complaint of Security Pacific Consumer Discount Company at Adversary Proceeding No. 83–0033 and the First National Bank of Pennsylvania at Adversary Proceeding No. 82–0481) all of which negate the validity of Restifo's representations that his secured creditor clients were ready to pay all of the creditors in full so the case could be dismissed.

Section 702(a) of the Bankruptcy Code of 1978 is as follows:

"(a) A creditor may vote for a candidate for trustee only if such creditor—

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), or 726(a)(4) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditors's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider."

Mr. Restifo's principal interest in the case, not only as an insider and/or still a de facto representative of the debtors, is in the interest of the brothers-secured creditors for whom he filed secured claims based on mortgages of real estate who are not permitted because of conflict of interest to have anything to do with the selecting of a trustee. That a claim for attorney fees for services to the debtor cannot be voted in a trustee's election was held in *Beale v. Snead,* 81 F.2d 970 (4th Cir.1936) and is prohibited by 11 U.S.C. 702(a)(3) above quoted which prohibits votes by insiders at such election, and Mr. Restifo's status as an insider is shown by the volume and continuity of his representation of said debtors evidenced by the copy of his itemization of such services attached to his claim for $17,-066.23 he wishes to vote of which copy is also hereto attached. A trustee's close relationship with a bankrupt and employment of an attorney to represent him was held ground for his removal in *In re Quick,* 43 F.Supp. 489 (D.C.Ill.1942) and a pre-bankruptcy garnishment of assets constituting a voidable transfer disqualified a creditor from voting for a trustee in bankruptcy in *In re Lang Cartage Corporation,* 20 B.R. 534 (Bkrtcy.E.D.Wis.1982).

### ORDER

AND NOW, this 6th day of April, 1983, a hearing having been held on the Complaint of Alex and Helen Horwath to nullify election, disapprove creditors' choice of Trustee and appoint Interim Trustee as permanent Trustee, and it appearing that the averments of the Complaint are true and correct,

IT IS ORDERED, ADJUDGED and DECREED that the election held on February 11, 1983 in the above matter be, and it hereby is, nullified; that the voting of the claim of Mario Restifo, Esq., for legal services to the debtors in the sum of $17,066.33 and that the nomination by said former counsel of the debtors and present counsel in the within proceeding of his brother-secured creditors and his voting his own claim and the claim of Vendetti Brothers for said Vendetti are disallowed and declared null and void. Robert G. Dwyer, Esq. having served creditably as Interim Trustee and who received the remaining votes for the office of permanent Trustee at the foregoing election is declared elected permanent Trustee and hereby duly appointed as such.

APPENDIX