In re Nate M. OLIVER, Debtor.

Nate M. OLIVER, Plaintiff,

v.

Stephen G. KOLODY, Defendant.

Bankruptcy No. 91–14189–9P1.
Adv. No. 92–265.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

June 23, 1992.

Jeffrey S. Sandler, Miami, Fla., for debtor/plaintiff.

Richard Johnston, Jr., Fort Meyers, Fla., for defendant.

Sara Kistler, U.S. Trustee.

ORDER ON MOTION TO DISMISS OR
CONVERT CHAPTER 11 CASE

ORDER ON MOTION TO
DISMISS COUNT I

ORDER ON MOTION FOR SANCTIONS

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
COUNT II

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 22 case filed by Nate M. Oliver (Debtor) in that this is the second Chapter 11 case in which the Debtor seeks relief under Chapter 11 of the Bankruptcy Code. His initial Chapter 11 Petition was filed on February 21, 1991, and was ultimately dismissed by this Court on the basis that he was not eligible to be a debtor by virtue of § 109 of the Bankruptcy Code because he received a discharge within the six years preceding the date of the filing of that particular Chapter 11 Petition.

The center of the controversy which forms the factual background of the first Chapter 11, and also this second Chapter 11 case, is the long, ongoing feud between the Debtor and an attorney named Stephen G. Kolody (Kolody), who at one time was counsel not only for the Debtor individually, but also for a corporation known as Sunrise Investment Group, Inc., (Sunrise). Sunrise also happens to be a Chapter 11 debtor and its case is still pending in this Court. The matter under consideration is an attack by Kolody on the Debtor's right to maintain this second Chapter 11 case, and an attack on the viability of the claims asserted by the Debtor against Kolody in this adversary proceeding.

Two claims are set forth in the Debtor's Complaint. In Count I of the Complaint filed by the Debtor, the claim set forth is based on an alleged preference by an "insider," i.e., by Kolody. The alleged insider preference involves the transfer to Kolody of all the outstanding shares in Sunrise, which were at one time owned by the Debtor. The claim in Count II is based on the contention by the Debtor that the transfer of these shares to Kolody, who is admittedly now the record owner of the stock, was a fraudulent transfer and is therefore voidable pursuant to § 548 of the Bankruptcy Code.

Ordinarily it would be unnecessary to consider the attack on the legal viability of the two claims set forth by the Debtor in his Complaint if this Court finds that the Debtor's Chapter 11 case should be dismissed for "cause," either for bad faith filing, or, in the alternative, on the basis that it is unlikely that the Debtor ever will be able to effectuate a Plan of Reorganization. However, in light of the past history of the litigation between the Debtor and Kolody, it is appropriate to consider both aspects of the attack not only on the Debtor's right to maintain the Chapter 11 case, but also on the viability of the claims set forth by the Debtor in his Complaint against Kolody. This is so because it is not unlikely that the Debtor will refile again if his Chapter 11 case is dismissed.

For this reason this Court will consider the entire record and rule on all of the Motions filed by Kolody which are under consideration, i.e., 1) Motion to Dismiss the entire Chapter 11 case and 2) Motion to Dismiss Count II of the Adversary Proceeding, Motion for Summary Judgment on Count II of the Adversary Proceeding, and Motion to Impose Sanctions for the alleged violation of the Certification Rule F.R.B.P. 9011 by the Debtor. The underlying facts governing not only the adversary proceeding but also the viability of this Chapter 11 case are undisputed and could be briefly summarized as follows:

Prior to 1988, Kolody, a practicing attorney, was counsel of record for Sunrise, which at that time was solely owned by the Debtor. Kolody also represented the Debtor individually. It appears that a dispute developed between the parties and Kolody filed a lawsuit against Sunrise and the Debtor in the Circuit Court in and for the 20th Judicial Circuit in Lee County, Florida seeking to recover attorney fees allegedly owed and not paid. Kolody ultimately prevailed in his suit and obtained a money judgment in the amount of $2,250.00 against the Debtor individually. The Circuit Court also entered a subsequent Order

awarding costs in favor of Kolody and against the Debtor and Sunrise jointly and severally in the amount of $2,164.74. The final judgment of the Circuit Court has been appealed by the Debtor. The appeal is currently pending before the Second District Court of Appeals of the State of Florida.

Since no stay pending the appeal was granted, Kolody proceeded to attempt to enforce and collect his judgment and instituted a supplementary proceeding pursuant to *Fla.Stat.* § 56.29. Kolody immediately initiated post-judgment discovery. Based on facts discovered, on January 7, 1991, he obtained an additional final judgment in the Circuit Court against the Debtor. This final judgment awarded him all the outstanding shares in Sunrise previously owned by the Debtor; determined the value of the stock in Sunrise transferred to Kolody; and credited the value of the stock transferred against previously entered money judgments in favor of Kolody and against the Debtor individually.

On November 30, 1990, the Debtor filed a voluntary Petition for Relief under Chapter 11 on behalf of Sunrise. The Debtor's right to act on behalf of Sunrise was successfully challenged by Kolody, who became the owner of the outstanding shares in Sunrise by virtue of the Final Judgment by the Circuit court. The Debtor filed seven Motions in the Chapter 11 case of Sunrise, all challenging the right of Kolody to control the affairs of Sunrise. All of these Motions were denied with the exception of two Motions related to confirmation of the Plan of Reorganization ultimately submitted by Kolody on behalf of Sunrise. Based on these seven Motions, Kolody seeks sanctions under F.R.B.P. 9011.

It appears from the record and it is without dispute that the Debtor has no available cash, he has no income, he is not engaged in any business, and he has no employees. According to his Schedules and also his Plan of Reorganization, the Debtor is solvent. The Plan of Reorganization filed by the Debtor indicates that his creditors would receive more in a Chapter 7 liquidation case than he is proposing to pay under the Plan. The entire Plan is based on the proposition that the Debtor will ultimately be the prevailing party in the lawsuits filed by him against Kolody in the State Court and in the adversary proceeding filed by the Debtor in this Court in which he attempts to recover the corporate stock which was awarded by the Circuit Court to Kolody, either as a voidable preference or as a voidable fraudulent transfer.

Basically, these are the essential facts which are relevant to the disposition of Kolody's Motion to Dismiss the entire case under § 1112(b), either for "cause," i.e., for bad faith filing, or in the alternative on the ground that it is unlikely that the Debtor will ever be able to achieve reorganization under Chapter 11.

 Considering first the Debtor's right to maintain this Chapter 11 case, this Court is satisfied, based on this record, that the Petition was filed in bad faith, which is grounds for dismissal under § 1112(b)(1) of the Bankruptcy Code for "cause." It should be pointed out first that this is nothing but an ongoing feud between the Debtor and Kolody, or in other words, it is nothing more than a two-party dispute. More importantly, this Chapter 11 case is nothing more than an attempt by the Debtor to use this Court to collaterally attack a final judgment entered by the Circuit Court in favor of Kolody and against the Debtor. It is equally clear that this Plan, as submitted by the Debtor, can never be confirmed for the simple reason that the Plan itself states that the creditors would receive more in a Chapter 7 liquidation case than what is offered in the Plan, which is a totally unacceptable proposition and a clear violation of § 1129(a)(7)(A)(ii) of the Bankruptcy Code. Therefore, dismissal of this case is also appropriate under § 1112(b)(2).

Based on the foregoing, it is clear that the contention of Kolody that this Chapter 11 case should be dismissed is well taken. However, assuming for the purpose of discussion that this conclusion may be found to be incorrect, and the Debtor should be granted the right to maintain this Chapter 11 case, or assuming it is appropriate to

maintain this adversary proceeding even after the dismissal, a proposition which is supported by *In re Tankson*, Bankr. N.D.Ill., 1992 WL 55684, 1992 Bankr. LEXIS 275; *In re Morris*, 950 F.2d 1531 (11th Cir.1992), the viability of the two claims asserted by the Debtor in this adversary proceeding should be addressed.

■ The claim set forth in Count I as indicated earlier is based on § 547 of the Bankruptcy Code and alleges that the transfer of the stock ownership in Sunrise by the Debtor to Kolody was a voidable preferential transfer in that it was transferred to an insider, i.e., Kolody, within the required time provisions of § 547(b)(4)(B). The claim in Count II of the Complaint is based on the proposition that the transfer was fraudulent inasmuch as the Debtor did not receive fair and adequate consideration for the transfer, or in the alternative, that the transfer in effect rendered the Debtor insolvent. Considering the Motion to Dismiss the claim set forth in Count I first, the threshold question is, of course, whether Kolody was in fact an insider within the meaning of that term as defined by § 101(31) of the Bankruptcy Code. This is because the transfer clearly occurred outside the 90-day preference period, and no viable claim of voidable preference may be maintained when the transfer occurred outside of the 90-day preference period unless this Court determines that Kolody was, in fact, an insider. Section 101(31) of the Bankruptcy Code defines the term "insider" as follows:

(A) if the debtor is an individual—

　(i) relative of the debtor or of a general partner of the debtor;

　(ii) partnership in which the debtor is a general partner;

　(iii) general partner of the debtor; or

　(iv) corporation of which the debtor is a director, officer or person in control;

There is no doubt that Kolody does not fit into any of the categories set forth in this Section. It is contended, however, that the definition of the term "insider" set forth in § 101(31) is not all-inclusive, and the Court may, under appropriate circumstances, find that a person or an entity is an insider even though the person or entity does not precisely fit into the categories set forth in § 101(31) of the Bankruptcy Code. Based on this, the Debtor urges that Kolody was in fact an insider of the Debtor, based on both the volume and continuity of his representation of the Debtor's corporation, Sunrise, and the Debtor, as well as Kolody's access as a trusted attorney to the personal and financial affairs and data of both the Debtor and Sunrise.

The term "insider" is used in the Bankruptcy Code in several places. For instance, in § 547(b)(4)(B), the term is used when determining the preference period of any transfer which would otherwise be not voidable under the ordinary 90-day provision. It is the interpretation of "insider" as it is used in this section of the Bankruptcy Code which is the heart of the controversy under consideration. In addition, the Code also uses the term "insider" in connection with the determination of the number of eligible creditors who could be petitioning creditors under § 303 of the Bankruptcy Code when there are fewer than 12 creditors. Lastly, the Bankruptcy Code uses the term "insider" in connection with § 702(a), which section precludes "insiders" from voting for a trustee. Thus, it is obvious from the foregoing that it is important to determine the purpose for which the term "insider" is used, and one must consider the underlying policy reasons for precluding an insider from participating in the administration of the estate as distinguished from permitting a preference action to be maintained against an insider by utilizing the one-year reach back provision of § 547 which involves totally different policy considerations.

In support of its position that Kolody is, in fact, an insider, the Debtor relies on the case of *Matter of Montagna*, 31 B.R. 10 (Bankr.W.D.Pa.1983). In *Montagna*, the Bankruptcy Court concluded that an attorney with a claim for attorneys fees for services rendered to a debtor could not vote in the election process for a Trustee because the creditor was, in fact, an "insider." No one can argue with the court's conclusion. It should be evident that it is

important to preclude an insider to participate in the general administration of the estate of a debtor. It is imperative that the administration of the debtor's estate be in the hands of a person who is disinterested and does not represent an adverse interest to the creditors. The right of the attorney in *Montagna* to participate in the election of a Trustee clearly involved different policy considerations than those applicable when one considers the term "insider" in connection with an action to recover a preference.

In the present instance, it is undisputed that Kolody was an attorney for Sunrise and for the Debtor. However, since 1988, Kolody has been involved with the Debtor and Sunrise in protracted, bitter litigation, and certainly there is no question that under these circumstances one cannot assume or even infer that Kolody's interest was aligned with the interest of the Debtor and against the general interest of the creditors. On the contrary, the relationship between the Debtor and Kolody has been totally hostile and antagonistic ever since they were involved in litigation. Under these facts, it is hard to presume the term "insider" used in § 101(31) could be construed to include Kolody for purposes of § 547(b)(4)(B).

To accept the proposition urged by the Debtor, one might contend that any attorney who represented a debtor pre-petition for several years, and became intimately involved with and privy to the debtor's affairs, would be vulnerable to a preference attack when bankruptcy intervenes by a Trustee who would, no doubt, seek to recover all payments made to the attorney during the preceding year under the insider provision of the Bankruptcy Code. To carry the interpretation of the term "insider" to its logical extreme, as urged by the Debtor, would be clearly absurd and illogical, and lacks any support either in the Code or in the legislative history of the Section by case law. The authority relied on by the Debtor is off the mark and does not furnish any support.

■ More importantly however, one must consider what is the alleged transfer the Debtor seeks to avoid. The transfer was effectuated by a judgment entered by a court of competent jurisdiction which transferred title to corporate stock previously owned by the Debtor to Kolody. It is clear this was not a transfer by the Debtor. While it is true that involuntary transfers are not immune from an attack pursuant to § 547 of the Bankruptcy Code under appropriate circumstances, this attack is nothing more than an attempt to make an end run around the Circuit Court litigation and collaterally attack the judgment of the Circuit Court. This is so because if this Court concludes that Kolody was an insider and the transfer to Kolody was voidable under § 547 or § 548 and the ownership of the stock should be revested in the Debtor, at the same time, the Second District Court of Appeals could affirm the Circuit Court and determine that the stock in Sunrise is rightfully owned by Kolody. This would, of course, create a totally unacceptable situation by having two courts arriving at different conclusions regarding the same transaction. To permit the course of action suggested by the Debtor would produce absurd and totally unacceptable results.

■ For the reasons stated, this Court is satisfied that the Circuit Court's determination of ownership of the stock in Sunrise is final, and unless it is reversed by the Court of Appeals, it shall remain the property of Kolody and cannot be collaterally attacked by way of an attempt to assert a claim under § 547 as a voidable preference. Likewise, the Debtor's action cannot be maintained under § 548 as a fraudulent transfer for two reasons. First, the claim of fraudulent transfer set forth in Count II of the Complaint is nothing more than an impermissible collateral attack on the Circuit Court judgment. Second, although it was claimed by the Debtor in his Complaint that the effect of the transfer was to render Sunrise insolvent, this is inconsistent with the pleadings and records in this case wherein the Debtor repeatedly stated that both he and Sunrise are solvent. Most importantly, it is elementary that the ownership of stock in a corporation has no

effect on the solvency *vel non* of the corporation.

In sum, this Court is satisfied that it is appropriate to dismiss this Chapter 11 case pursuant to § 1112(b)(1) and (2) of the Bankruptcy Code. In addition, this Court also finds that neither Count I, which is based on a preferential transfer, nor in Count II, which is based on fraudulent transfer, of the Complaint filed by the Debtor stated claims upon which relief can be granted. Therefore, it is appropriate to dismiss both without prejudice.

■ Finally, this Court notes that Kolody is seeking sanctions against the Debtor pursuant to F.R.B.P. 9011 based on seven motions which the Debtor filed in the Chapter 11 case of *Sunrise Corporation,* Case No. 90–11955–9P1. This Court finds that it is inappropriate to consider Kolody's Motion for Sanctions in this case to the extent that it relates to motions filed in another case. Thus, Kolody's Motion for Sanctions pursuant to F.R.B.P. 9011 is not well taken and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the Debtor's Chapter 11 case is granted, and the above-captioned Chapter 11 case is dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Dismiss Count I of Adversary Proceeding 92–265 is granted, and Count I is dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that Count II of the Adversary Proceeding is also dismissed with prejudice. A separate Final Judgment will be entered in the Adversary Proceeding 92–265 in accordance with the foregoing. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions pursuant to F.R.B.P. 9011 is denied.

DONE AND ORDERED.