**In re Jorge Lino ARANA, Debtor.**

**Angela Stathopoulos, Chapter 7 Trustee, Plaintiff,**

**v.**

**Maritime Law Center for Personal Injury and Ronna M. Steele, Defendants.**

**Bankruptcy No. 05–26098–8G7. Adversary No. 07–00450.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 20, 2008.

Angela Stathopoulos, Attorney for Trustee, Tarpon Springs, FL, David B. McEwen, Attorney for Trustee, David B. McEwen, P.A., St. Petersburg, FL, for Plaintiff.

Maritime Law Center for Personal Injury, New Orleans, LA, pro se.

Ronna M. Steele, New Orleans, LA, pro se.

## ORDER ON MOTION FOR SUMMARY JUDGMENT ON TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER

PAUL M. GLENN, Chief Judge.

**THIS ADVERSARY PROCEEDING** came before the Court for hearing to consider the Defendants' Motion for Summary Judgment on Trustee's Complaint to Avoid and Recover Preferential Transfer, filed by the Defendants, Maritime Law Center for Personal Injury and Ronna M. Steele ("Defendants").

The plaintiff, Angela Stathopoulos, as the Chapter 7 Trustee (Trustee), commenced this proceeding by filing the Trustee's Complaint to Avoid and Recover Preferential Transfer against the Defendants, as former attorneys of record for Jorge Lino Arana, the debtor (Debtor) in this case. The Complaint was filed on October 14, 2007 and the Answer to the Trustee's Complaint was filed on November 1, 2007.

### Background

In 2004, the Debtor filed a personal injury action in Louisiana, and the Defendants represented the Debtor in that action. Litigation costs and expenses were advanced by the Defendants, and the Defendants would occasionally make advances to the Debtor for living expenses while the litigation was pending. A settlement was reached in 2005, and on June 7, 2005, the settlement proceeds were disbursed. From the settlement proceeds, disbursements were made to the Defendants in payment for the amounts that were advanced for costs and expenses of litigation, and also in payment for the amounts that were advanced to the Debtor for living expenses.

The Debtor filed this Chapter 7 bankruptcy petition on October 14, 2005, more than 90 days but within one year after the settlement of the personal injury litigation and the disbursement of the settlement proceeds.

The Trustee's Complaint alleges that the transfer of the amount of the settlement proceeds in payment of the advances from the Defendants to the Debtor is a preferential transfer under § 547 of the Bankruptcy Code, and seeks a money judgment against the Defendants.

### Defendants' Motion for Summary Judgment

In the Defendants' Motion for Summary Judgment, the Defendants assert that there is no genuine issue as to any material facts alleged in the complaint, and therefore the Defendants are entitled to judgment as a matter of law.

Bankruptcy Rule 7056 is applicable to this determination:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As the party moving for summary judgment, the Defendants have the burden of demonstrating that there is no genuine issue as to any material fact.

Pursuant to 11 U.S.C. § 547, the trustee may avoid any transfer of an interest of the Debtor in property if certain conditions are met. For transfers made between 90 days and one year of the filing of the bankruptcy petition, the transfer cannot be avoided unless the transferee is an "insider." Since the transfer that is the subject of the Complaint took place between 90 days and one year of the filing of the bankruptcy petition, an issue raised by the Motion for Summary Judgment is whether the Defendants, as the former

attorneys for the Debtor, would be considered "insiders" for purposes of avoiding a preferential transfer under 11 U.S.C. § 547.

The definition of insider pursuant to 11 U.S.C. § 101(31) does not specifically include the Defendants, as former attorneys of the Debtor. However, courts have determined that a person other than those specifically enumerated as insiders may qualify as an "insider" with respect to a debtor in bankruptcy. The definition of insider pursuant to 11 U.S.C. § 101(31) "includes" various individuals and entities; pursuant to 11 U.S.C. § 102(3) "includes" is "not limiting." *Walsh v. Dutil (In re Demko)*, 264 B.R. 404, 408 (Bankr.W.D.Pa. 2001); *Barnhill v. Vaudreuil (In re Busconi)*, 177 B.R. 153, 158 (Bankr.D.Mass. 1995).

There is no indication in the record or in the arguments presented at the hearing on the Motion for Summary Judgment that the Defendant attorney (and law firm) had any relationship with the Debtor other than one of attorney and client. With respect to the advances from the attorneys to the Debtor for living expenses, Ms. Steele, one of the Defendants, explained: "The man [the Debtor] came and he asked for money. And really the only question that is considered is whether the case will bear the loan ... It is something that we do in Louisiana, for good or for ill, and it is designed to replace a person's income ..." (Transcript of hearing on Motion for Summary Judgment, January 15, 2008, page 14, line 25 to page 15, line 3, and page 15, line 22 to line 24.)

Several courts have analyzed the relationship between a debtor and a former attorney to determine whether "insider" status should be conferred on such creditor who received a transfer from a debtor in the one year preference period provided for in § 547(b)(4)(B). In a recent case, *Glassman v. Heimbach, Spitko & Heck-*

*man (In re Spitko)*, 2007 WL 1720242 (Bankr.E.D.Pa.), the Court addressed the question of whether an attorney could be considered an insider to his debtor-client in connection with the defendant attorney's motion for summary judgment. After an extensive discussion with regard to the legislative history and the current case law, the Court summarized:

> Attorneys have not generally been considered insiders of their debtor-clients. *See In re Sullivan Haas Coyle, Inc.*, 208 B.R. 239, 244 (Bankr.N.D.Ga. 1997); *In re Lemanski*, 56 B.R. 981 (Bankr.W.D.Wis.1986); *In re Durkay*, 9 B.R. 58 (Bankr.N.D.Ohio 1981). Whenever an attorney has been found to be an extra statutory insider, that status has been imposed because of a relationship with the debtor that transcended the normal attorney-client boundaries. *Compare In re Broumas*, 135 F.3d 769, 1998 WL 77842 (4th Cir.1998)(attorney is an insider) *with In re Oliver*, 142 B.R. 486 (attorney is not an insider): *In re Lemanski*, 56 B.R. 981 (Bankr.W.D.Wis. 1986)(same); *In re Durkay*, 9 B.R. 58 (Bankr.N.D.Ohio 1981)(same).

*Id.* at *10. In *In re Broumas*, cited above as the only case where an attorney of the debtor was an insider, the court noted that during their 15 year attorney-client relationship, the parties also were close friends, principal and agent, and landlord and tenant. *In re Broumas*, 1998 WL 77842 at *8. In the *Spitko* case, even though one of the attorneys in the law firm was a brother of the debtor, the bankruptcy court held on summary judgment that there was no insider relationship.

■ With regard to this adversary proceeding, the relationship Was simply an attorney-client relationship without any other factors involved. It is true that the law firm made advances to the Debtor for personal living expenses and subsequently

was repaid as a part of the settlement accounting. However, this appears to be a practice that is acceptable in Louisiana in certain circumstances. *See Dupuis v. Faulk,* 609 So.2d 1190, 1194 (La.App. 3d Cir.1992); *Nicholson v. HMI Astrachem,* 2002 WL 31056582 (E.D.La.2002). Pursuant to La.Rev.Stat. § 37:218(A) an attorney's fee and expenses are accorded a first privilege in the proceeds of a settlement of a suit. These expenses may include medical and living expenses advanced to the plaintiff in certain circumstances, as well as direct litigation expenses. *Dupuis v. Faulk* at 1193.

Based on the record in this case, the Court concludes that the Defendants are not insiders for the purposes of avoiding a preferential transfer pursuant to 11 U.S.C. § 547(b). Therefore, it is appropriate to grant the Defendants' Motion for Summary Judgment and to enter judgment in favor of the Defendants.

Accordingly:

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment is granted. The Court will enter a separate Final Judgment in favor of the Defendants.